# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURETTA SHEETZ, | ) 1: 11-cv-00578-BAM |
| | ) |
| | ) **ORDER ON PLAINTIFF'S SOCIAL** |
| | ) **SECURITY COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.   INTRODUCTION

Pending before the Court is plaintiff Lauretta Sheetz's ("Plaintiff") motion for summary judgment and the cross-motion for summary judgment of defendant Commissioner of Social Security ("Commissioner"). Plaintiff seeks judicial review of an administrative decision denying her claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. § 405(g).

Plaintiff filed her complaint on April 8, 2011. (Doc. 2.) Plaintiff filed her summary judgment motion on November 22, 2011. ( Doc. 12.)  The Commissioner filed his summary judgment cross-motion and opposition on December 22, 2011. (Doc. 14.) Both parties have consented to conduct all proceedings before the assigned United States Magistrate Judge. (Doc. 8, 9.) The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to United States Magistrate Judge Barbara A. McAuliffe. Having considered the administrative record and the parties' briefs, the Court issues the following order.

## II. BACKGROUND

### A. Overview of Administrative Proceedings

On January 30, 2007, Plaintiff applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act (the "Act") (Administrative Record, "AR," at 125-26.) Plaintiff's application was denied on initial review and again on reconsideration. (AR at 64, 74.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). On May 4, 2009, Plaintiff appeared with counsel and testified before the ALJ. (AR at 26-63.) In a decision dated September 22, 2009, the ALJ found that Plaintiff was not disabled from June 6, 2005 through February 21, 2008, however, beginning February 21, 2008, Plaintiff was disabled under the Act. (AR at 10-23.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR at 3-5.) Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

### B. ALJ Findings

The ALJ determined that Plaintiff was not disabled prior to February 21, 2008, however, became disabled on that date and has continued to be disabled. Plaintiff does not challenge the ALJ made any errors in evaluating medical evidence, hearing testimony or in making his residual functional capacity finding. Plaintiff only challenges the ALJ's finding that Plaintiff could perform work in the national economy prior to February 21, 2008, based on Plaintiff's residual functional capacity finding. Thus, the Court summarizes the ALJ's findings to the extent they are necessary to this appeal. Relevant to this appeal, the ALJ determined that:

    1.    Since the alleged onset date of disability, June 6, 2005, Plaintiff has had the following severe impairments: status post-bilateral knee arthroplasties; status post-L4-5 laminectomy and fusion with hardware; mild disc bulging at L3-4 and L4-5; cervical degenerative disc disease; gastro-esophageal reflux disease; and hypothyroidism. Beginning on the established onset date of disability, February 21, 2008, Plaintiff has also had right thumb trigger finger with degenerative arthritis;

|   |   |   |
|---|---|---|
| 1 | 2. | Between June 6, 2005 and February 21, 2008, Plaintiff did not have an |
| 2 |   | impairment or combination of impairments that met or medically equaled one of |
| 3 |   | the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. |
| 4 |   | 404.1520(d), 404.1525 and 404.1526); |
| 5 | 3. | Prior to February 21, 2008, Plaintiff had the residual functional capacity to lift and |
| 6 |   | carry no more than 10 pounds frequently and 20 pounds occasionally.  Plaintiff |
| 7 |   | could stand and walk 2-4 hours out of an eight hour work day, and sit 4-6 hours |
| 8 |   | out of an eight hour workday.  Plaintiff was limited to occasional climbing, |
| 9 |   | pushing and pulling and is unable to climb, stoop or crouch.  Plaintiff required the |
| 10 |   | ability to sit or stand at will. |
| 11 | 4. | Prior to February 21, 2008, Plaintiff could perform jobs existing in significant |
| 12 |   | numbers in the national economy; |
| 13 | 5. | Beginning on February 21, 2008, there were no jobs in the national economy |
| 14 |   | Plaintiff could perform. |
| 15 | 6. | Plaintiff was not disabled prior to February 21, 2008, but became disabled on that |
| 16 |   | date and has continued to be disabled after that date. |

(AR at 10-26.)

**C.   Medical History**

The medical evidence in this case is voluminous, at nearly 1,000 pages. (AR at 217-1196.)  Plaintiff, however, does not challenge the ALJ's evaluation of any of this evidence. Accordingly, the Court summarizes only that portion of the evidence that is relevant to Plaintiff's limited challenge.

On January 9, 2006, Christopher Hamilton, M.D., Plaintiff's primary treating source, offered the following residual functional capacity assessment of Plaintiff: Plaintiff could carry up to 20 pounds occasionally, 10 pounds frequently, stand and walk for two-four hours per day, sit for four-six hours per day, and could not climb, stoop, kneel or crouch. (AR at 480.)

**D.     Plaintiff's Background**

Plaintiff was born on March 23, 1955. (AR at 31.) Plaintiff lives in a home with her husband. (AR at 34.) Plaintiff graduated from high school, and attended Bakersfield College for one year, but did not receive a degree. (AR at 31.) Plaintiff attended two years of vocational school at San Luez Apispal and received a license to work as an x-ray technician. (AR at 48-9.) Plaintiff's last working experience was as an x-ray technician and phlebotomist. (AR at 49, 156.)

When Plaintiff applied for Title II benefits, Plaintiff alleged she became unable to work on June 6, 2005 due to back pain, knee replacement, arthritis in her right thumb, neck and toe, and recurring urinary tract infections. (AR at 155.)

**E.     Testimony Presented At the Administrative Hearing**

Plaintiff testified before an ALJ on April 28, 2009. Plaintiff alleged disability beginning on June 6, 2005, which was the last day Plaintiff worked. (AR at 31.) Plaintiff attended the hearing with a walker, which was prescribed by her treating physician, Dr. Freeberg, who performed her back surgery. (AR at 32.) The walker was prescribed after Plaintiff had back surgery in November of 2006.

Plaintiff has a car and a driver's license, and drives approximately one to two times a week. (AR at 34-5.) Plaintiff is generally able to take care of herself, however, by in large does not clean up after herself. (AR at 35-7.) Plaintiff spends approximately 3-5 hours a day watching television. (AR at 40.)

At the time of the hearing, Plaintiff testified to the following: she could walk about a block before needing to rest; could stand for approximately two minutes; could sit for 20-30 minutes before needing to move around; and she lies down and elevates her feet approximately four hours a day. (AR at 41-42.) Plaintiff testified she generally has pain all the time in her neck and back, and about half the time in her knees, which she described as about a five on a scale of one to ten. (AR at 43-44.)

At the hearing on April 28, 2009, the ALJ asked a Vocational Expert to assume a hypothetical individual who could lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; could stand and walk between two and four hours per day, and sit

between four and six hours per day; and could not climb, stoop, kneel, or crouch (AR at 55).[1] The Vocational Expert testified that the hypothetical question appeared to require a sit/stand option, and the ALJ agreed with this characterization. (AR at 56.). The Vocational Expert testified that such an individual could not perform Plaintiff's past relevant work, but could work as a bagger, garment sorter, or grader. (AR. 56-57).

### III.  DISCUSSION

**A.  Standard of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists

---

[1] The limitations of this hypothetical individual were based on the residual functional capacity offered by Plaintiff's treating physician on January 9, 2006.

5

1  in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The
2  burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.
3  1990).

4        Here, Plaintiff argues the ALJ erred by relying on vocational expert testimony that an
5  individual who can stand and walk for two to four hours, and sit for four to six hours in an eight hour
6  day could work as a bagger, garment sorter and grader. Specifically, Plaintiff argues that because
7  the ALJ's residual functional capacity allows for the possibility that Plaintiff would only be able to
8  stand, walk and sit for six hours (assuming both minimum ranges) in an eight-hour work day, then
9  the ALJ's own residual functional capacity finding demonstrates Plaintiff could not previously work
10 eight hours in a given day.

11 **B.   The ALJ Did Not Err At Step Five**

12       At step five, an ALJ has the burden to prove the existence of a significant number of
13 occupations in the national economy that a claimant can perform. *See Osenbrock v. Apfel*, 240
14 F.3d 1157, 1162 (9th Cir. 2001) (discussing the limited burden shift at step five). The ALJ can
15 meet that burden by using a vocational expert's testimony if the vocational expert testifies in
16 response to a question "that reflects all the claimant's limitations." *See Matthews v. Shalala*, 10
17 F.3d 678, 681 (9th Cir. 1993).

18       Here, the ALJ presented a hypothetical question to the Vocational Expert that included all
19 the limitations he found Plaintiff to possess. (AR at 55.) Plaintiff does not dispute the
20 limitations recommended by the ALJ, nor does Plaintiff argue the ALJ failed to convey all those
21 limitations to the Vocational Expert. The Vocational Expert testified that despite those
22 limitations, there were significant jobs in the national economy Plaintiff could perform, i.e.
23 bagger, garment sorter and grader. Thus, the ALJ properly relied on the vocational expert's
24 testimony in response to that question for his step five finding. *See Matthews,* 10 F.3d at 681; 20
25 C.F.R. § 404.1527(e)(2) (the final responsibility for deciding a claimant's residual functional
26 capacity "is reserved to the Commissioner"); *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th
27 Cir. 2005) ("[w]e must uphold the ALJ's decision where the evidence is susceptible to more than
28 one rational interpretation").

1    Plaintiff's sole argument is that the ALJ's residual functional capacity might not cover a
2 full eight-hour day, since the sum of the lowest numbers in each range equals six hours.
3 However, the ALJ and the vocational expert interpreted the residual functional capacity to
4 require Plaintiff to have a sit/stand option. (AR at 55-56.) The Vocational Expert considered
5 whether, based on the residual functional capacity assessment offered by the ALJ, including the
6 stand/sit option, Plaintiff could work a full eight-hour work day. The Vocational Expert opined
7 that Plaintiff could, in fact, perform the above-referenced jobs, despite her limitations. The
8 ALJ's reliance on the Vocational Expert's opinions is reasonable interpretation of the evidence
9 supported by substantial evidence in the Record. Accordingly, the ALJ's Step Five analysis was
10 proper.

## IV.    CONCLUSION

12    Based on the foregoing, the Court finds that the ALJ's decision is supported by
13 substantial evidence in the record as a whole and is based on proper legal standards.
14 Accordingly, it is hereby ORDERED that:
15    1.    Plaintiff Lauretta Sheetz's motion for summary judgment be DENIED;
16    2.    The Commissioner's cross-motion for summary judgment is GRANTED;
17    3.    The Clerk of Court enter judgment in favor of the Commissioner of Social
18         Security, and against Plaintiff Lauretta Sheetz.

21    IT IS SO ORDERED.

23 Dated:   September 21, 2012             /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE